### SHEETS v. PEABODY.

On a decree of foreclosure and for a sale of the land mortgaged, the sale should be made in conformity with the statute in force when the mortgage was executed.

ERROR to the *Jefferson* Circuit Court.

BLACKFORD, J.—This was a bill in chancery filed in 1840 by *Peabody,* as administrator of one *Soper,* against *Sheets.* It is a bill of foreclosure, and prays a sale of the mortgaged premises situate in *Jefferson* county in this state. The mortgage was executed on the 3d of *January,* 1835, and was made to secure the payment of a certain debt payable four years after date with interest. The place where the mortgage was executed is not shown. The parties submitted the cause to the Circuit Court on the bill and exhibits.

The Court, in *April,* 1843, decreed that the mortgage-debt, with interest and costs, be paid within thirty days, and, in case of non-payment, that the equity of redemption be foreclosed; that the premises be sold at public auction to the highest bidder for cash, without appraisement or valuation, first giving notice, &c.; that the rents and profits for seven years be first offered for sale; and that the officer proceed according to the statute on the subject, approved the 4th of *February,* 1831.

The only objection made to this decree is, that it requires the land to be sold without appraisement or valuation.

At the time the mortgage was executed, the statute of 1831, referred to in the decree, was in force; and if that statute governs the case, the decree is unobjectionable, no appraisement or valuation of the land being required by that

Nov. Term, 1845.

SHEETS
v.
PEABODY.

statute. But at the time the decree was rendered, there was a statute declaring that no property, real or personal, should be sold on execution, or by virtue of any other process, for less than its appraised value, except, &c. Stat. 1843, p. 15. If the last-named statute is to govern, the decree is erroneous. We must presume, the contrary not appearing, that the mortgage was executed in this state. It has been decided by the Supreme Court of the *United States*, in a case like the present, that the decree as to a sale of the property must conform to the statute in force when the mortgage was executed. *Bronson* v. *Kinzie et al.* 1 Howard, 311. This decision of the Supreme Court of the *United States*, whether correct or not, is obligatory on us. Should we decide contrary to it, our judgment would of course, in case of a writ of error, be reversed by that Court. We decide, therefore, that as the decree before us is in conformity with the statute in force when the mortgage was executed, it must be affirmed. We have heretofore expressed a similar opinion to the one now given. *Doe d. Wolf et al.* v. *Heath et al.*, *May* term, 1844.

*Per Curiam.*—The decree is affirmed with 1 *per cent.* damages and costs.

*M. G. Bright*, for the plaintiff.

*W. Lyle*, for the defendant.