DORMIRE and Others *v.* COGLY.

A plea to a writ of error of the bankruptcy of the plaintiff, showing that the judgment was rendered after he was declared a bankrupt, is insufficient.

The right of a judgment-plaintiff by law to take out a *fi. fa.* within a certain time, cannot be affected by a subsequent statute.

ERROR to the *Union* Circuit Court.

BLACKFORD, J.—*Dormire*, *Ward*, and *Rose*, the plaintiffs in error, moved the Circuit Court at the *September* term, 1842, to set aside a *fieri facias* which had been issued against them in favour of *Cogly*. The motion was founded on an affidavit of *Dormire*, stating that on the 13th of *September*, 1841, *Cogly* obtained judgment by confession against *Dormire* and *Ward* for 302 dollars and 56 cents in debt, and 3 dollars and 50 cents in damages, with costs; that *Rose* entered himself replevin-bail therein for the payment of the judgment within six months; that *Cogly* or his attorney indorsed on the record that specie or its equivalent was required, and refused to receive paper bankable in the state bank; that the legislature, by an act of the 29th of *January*, 1842, gave an additional stay of execution for one year, where the plaintiff demanded specie and refused such paper as aforesaid; that the defendants to avail themselves of the benefit of said act, procured *Rose* to acknowledge himself, on the 29th of *March*, 1842, on the judgment aforesaid, willing to continue bail therein for one year, specie being required; that in *April*, 1842, *Cogly* struck from the record his demand requiring specie or its equivalent, and on the 17th of *April* following took out the execution in question. To the motion founded on this affidavit the parties appeared, the motion was overruled, and judgment rendered in favour of *Cogly* for costs.

Writ of error by *Dormire*, *Ward*, and *Rose*.

Monday,
July 20.

Plea in bar of the writ of error, that on the 25th of *May*, 1842, at, &c., *Dormire*, one of the plaintiffs in error, exhibited his petition in, &c., for the benefit of the bankrupt law; that in *July*, 1842, it was decreed that he was a bankrupt; and that on the 21st of *November* following, he was discharged from his previously contracted debts. Demurrer to the plea and joinder.

We think the plea is bad for this reason if no other, that the judgment removed by the writ of error was rendered after *Dormire* was declared a bankrupt.

There is no error in the refusal of the Court to set aside the execution. *Cogly*, by the laws in force previously to the act of 1842, had a right to take out the execution at the time it issued; and said act, giving a further stay of execution, could not affect that right. *Bronson* v. *Kinzie*, 1 Howard, 311.—*M'Cracken* v. *Hayward*, 2 *id*. 608.—*Gantly's Lessee* v. *Ewing*, 3 *id*. 707.

*Per Curiam.*—The judgment is affirmed with costs.

*J. B. Sleith* and *C. H. Test*, for the plaintiffs.

*J. S. Newman*, for the defendant.