Nov. Term, 1854.

STRONG
v.
DANIEL.

---

## STRONG *v.* DANIEL.

Section 3, p. 49, acts of 1840, which enacted that on all judgments which had been replevied under the then existing laws, but not fully satisfied, and on all judgments on which a stay had expired and execution had been issued, and levied or not levied, the execution-debtor might replevy the same, in addition to the former stay, for six months after *March* 1, 1840, was unconstitutional and void.

That section being a nullity, the replevin-bail could enjoin a sale of his property on an execution issued upon the judgment.

A statute which is in conflict with the constitution, is a nullity, and inoperative for any purpose.

*Wednesday,*
*November* 29.

ERROR to the *Shelby* Circuit Court.

DAVISON, J.—Bill in equity to enjoin the sale upon execution of a tract of land in *Shelby* county.

The case is this:

*Strong*, on the 24th of *April*, 1839, recovered a judgment in the *Shelby* Circuit Court, against *Thatcher* and *Walker*, for 239 dollars, upon which one *Voorhees Conover* became replevin bail; the effect of which was to stay execution on

the judgment for one hundred and eighty days from its date. After that period had elapsed, viz., on the 23d of October, 1839, *Strong* sued out a writ of *fieri facias* on the judgment, and placed it in the hands of the sheriff.

An act of the legislature, approved *February* 24th, 1840, provided that on all judgments which had been replevied under the then existing laws, but not fully satisfied, and on all judgments on which a stay had expired, and execution had been issued, and levied or not levied, the execution-debtor might replevy the same, in addition to the former stay, for six months after the 1st of *March*, 1840. Acts of 1840, p. 49, sec. 3.

Under this act *Daniel*, on the 8th of *June*, 1840, and while the writ of *fieri facias* was in the hands of the sheriff, entered himself bail for such additional stay of execution on said judgment; whereupon the sheriff, pursuant to the statute, returned the writ. After the expiration of six months from the 1st of *March*, 1840, another *fieri facias* was issued on the judgment, against *Thatcher*, *Walker*, *Conover*, and *Daniel*. This writ was, on the 24th of *June*, 1841, levied on the land in question as the property of *Daniel;* to enjoin the sale of which, this suit was instituted. The Court, on final hearing, awarded a perpetual injunction.

The statutory provision above quoted was plainly inoperative, so far·as the plaintiff was restricted from proceeding to enforce. payment by his first execution. Nor was his right, upon its return, to have another execution, in any degree affected·by the additional recognizance of replevin bail. This point is expressly decided in *Dormire* v. *Cogly*, 8 Blackf. 177. That case, in effect, decides the law in question to be in conflict with the constitution, and we think correctly.

But it is contended that *Daniel* should not be permitted to set up the invalidity of the law under which he acted, and in support of that position *Magruder* v. *Marshall*, 1 Blackf. 333, is cited. In that case, it was held, that the defendant in an action on a replevin bond could not question the constitutionality of the statute under which the

Nov. Term,
1854.

WARWICK
v.
THE STATE.

bond was executed. We can not follow that decision. In our opinion, if a legislative act conflicts with the constitution, it is a nullity, and inoperative for any purpose. "Judgments are repleviable by statutory law." And the act under which the recognizance before us was executed, being invalid, there was, in reality, no law authorizing it to be taken or enforced as a valid entry of replevin bail. Such entry could not, therefore, have the force of a judgment, or be the foundation of an execution.

*Per Curiam.*—The decree is affirmed with costs.

*H. C. Newcomb* and *S. Yandes*, for the plaintiff.

*S. Major*, for the defendant.