## LOCKETT vs. USRY.

28 345
106 327
28 345
o111 340

1. The act of 1827, to amend the rent laws of this State, requires the tenant before he can arrest the proceeding thereon given to the landlord, to swear that his lease is not expired, and that he does not hold the premises either by lease or rent from the affiant who is seeking to dispossess him. *Held*, That where there is a *blank* in the affidavit where the name of the movant should appear, the omission is fatal, and is not amendable

2. Notwithstanding the lease expired at the end of the year 1853, still, if the tenant seeks to arrest the process after the act of 1854 went into operation, his affidavit must conform to that act; the movant having amended his proceeding so as to bring himself within its provisions.

3. There is no constitutional impediment to prevent the Legislature from changing remedies, provided they are not so impaired as to rendered them nugatory. Beyond this restriction, parties have no vested rights in remedies.

4. A verdict rendered in a case, where thre is no issue under the rent acts of 1827 and 1854, is a nullity, and may be treated as such.

5. Although the judgment of the court purports to be founded upon a

verdict, and the verdict is void, still the judgment can be executed, provided it be good without the verdict.

6. A tenant who holds over, may file his affidavit at any time before he is dispossessed, and arrest the proceeding.

Proceedings against tenant holding over, in Warren superior court. Tried before Judge Thomas, April Term, 1859.

This was a proceeding under the act of 1827, by Francis M. Usry, and Isaiah G. Usry, against Cullen R. Lockett, to recover possession of premises rented to Lockett, and which he refused to deliver up at the expiration of the lease.

At the trial on the appeal, plaintiffs moved to dismiss defendant's affidavit, on two grounds; first, because said affidavit did not state that defendant did not hold the premises by lease or rent from plaintiffs; second, because defendant did not state in his affidavit that he did not hold said premises by lease or rent from any person holding under *them*. The affidavit was as follows:

Georgia, } Before me, Alfred Roney, a justice Warren county. } of the peace in and for said county, personally came Cullen R. Lockett, who, after being duly sworn, saith he is not the tenant of the said Francis Usry and Isaiah G. Usry, and does not hold the premises either by lease or rent from ——, nor any other person holding under *him* by lease or rent.

CULLEN R. LOCKETT, [L. S.]

Signed, sworn and subscribed before me, this 5th day of January, 1854.

ALFRED RONEY, J. P.

The court granted the motion dismissing defendant's affidavit, and defendant excepted.

Defendant then moved to amend the affidavit by inserting the word *them* in the blank after the word from, and

by changing the word *him* to *them*, after the word under, in the last line of the affidavit. The court refused to allow the amendment, and defendant excepted.

Plaintiffs moved to amend by making a new affidavit in compliance with the terms and provisions of the act of 18th February, 1854. The court granted the motion, and defendant excepted.

Defendant then offered, by way of amendment, a new affidavit, as follows:

Francis M. Usry and Isaiah G. Usry, *vs.* Cullen R. Lockett.

In Warren superior court. On appeal—motion to dispossess tenant.

Leave to amend having been granted by the court, the defendant, Cullen R. Lockett, for amendment to his pleadings, personally appears in open court, and being sworn, says on oath, that he is not the tenant of Francis M. Usry and Isaiah G. Usry, or either of them; and that he does not hold the premises by lease or rent from the said Francis M. Usry and Isaiah G. Usry, who made the within oath in said case, or by any one holding under them or either of them by rent or lease.

                    CULLEN R. LOCKETT.

Sworn to in open court, April 9th, 1859.

            THOMAS W THOMAS, J. S. C., N. C.

The plaintiffs objected to this affidavit as an amendment, the same not conforming to the act of 18th Feb., 1854. The court sustained the objection, and disallowed the proposed affidavit as an amendment, and counsel for defendant excepted.

The court then remarked to counsel for the plaintiffs that they could take a verdict if they desired to do so, and defendant excepted.

Counsel for the plaintiffs then drew up a form of a verdict and handed it to the jury. The court charged them that the only evidence before them, was the affida-

vits of the plaintiffs, and they must find for them if they believed the affidavits, and they must believe the affidavits, unless they were impeached, and there was something to show that they were not true.    To which charge defendant excepted.

The jury retired, and found and returned the verdict which had been prepared and drawn up by counsel for plaintiffs, before which counsel for plaintiffs moved "that the verdict in this case having been rendered for the plaintiffs, it is ordered that the sheriff or his deputy be required to put the plaintiffs into possession, forthwith of the premises described in the plaintiffs' complaint.    It is further ordered that the clerk do issue to the sheriff a writ of possession."

Defendant objected to this order.    The court overruled the objection and granted the order, and defendant excepted.

Whereupon counsel for defendant tender their bill of exceptions, assigning as error the rulings, decisions, and charges above excepted to.

WARDEN & NELMS, and GIBSON & HUFF, for plaintiffs in error.

E. H. POTTLE, and T. R. R. COBB, *contra.*

*By the Court.*—LUMPKIN, J., delivering the opinion.

Was the affidavit of Lockett sufficient?

When a landlord seeks to dispossess a tenant who holds over, under the act of 1827, (Cobb, 901,) the tenant to arrest the proceeding, must make oath that he does not hold the premises, either by lease or rent from the said person or from any one holding under him, by lease or rent.    There is a *blank* in this affidavit where the name of the *two* Usrys should be inserted; and the singular pro-

noun him, is used instead of the plural pronoun them, provided it was the intention of the deponent so to fill up the affidavit.

It is argued that these omissions and mistakes were mere oversights, and that the affidavit is good as it stands. Let us test this. Suppose Lockett was indicted for false-swearing; and the assignment was, that he made oath that he did not hold the premises in dispute by rent or lease from the Usrys, and the attorney for the State was to offer in evidence this affidavit to support the averment in the indictment. Would the jury find—could anybody say that Lockett intended so to swear? Perhaps he refused designedly so to state. We may speculate and conjecture; but in a matter like this there must be certainty. The cases cited from the decisions of this court do not sustain the plaintiff in error. In Pherisfield vs. Carter, (2 Kelly, 143,) it was held that the omission of the word "grant," in one section of a *statute*, may be explained by other parts of the same statute, so as to supply the omitted word and give the act its intended effect. In 19 Geo. Rep. 33, this court held, that an appeal affidavit *in forma pauperis*, was amendable. We will not cumber our reports by repeating the reasoning of the court to sustain these decisions. We do not intend to overrule or modify them. The proposition to amend, or rather to supply this affidavit with that which the party himself has not seen fit to put in, it stands, as we conceive, upon a totally different principle. It is neither more nor less than an offer to make an affidavit for the tenant, which *possibly*, he was unwilling to make for himself. We do not say it is so. The fact may be otherwise; still, it does not weaken the force of the reasoning.

The court refused to permit the tenant to perfect his affidavit in terms of the act of 1827, under which this proceeding was instituted. And we think the court right in so ruling.

Plaintiffs then asked leave to amend their affidavit, so as to make it conform to the act of 1854, (Pamphlet, p. 55,) and they were allowed so to do.   As their proceeding was commenced under the act of 1827 and before the act of 1854 went into operation, this may not have been necessary on their part; still, as it imposed an additional burden upon them, it constituted no good cause of exception in favor of Lockett.   Be this as it may, he still refused to make oath in any other form than that required by the act of 1827.   In other words, he would not swear, in addition to the oath required by the act of 1827, that he did not hold under the *vendor* of the affiants.

The tenant adhering to this position, counsel for movants were permitted by leave of the court to take a verdict upon which judgment of ouster was awarded.

The position occupied in this court upon this branch of the case is this : That the act of 1854 was *ex post facto* as to Lockett, or took away from him a vested right which he had—to file his affidavit under the law of 1827.

We do not deem this ground maintainable.   Really this ceased to be a contest on both sides under the *old* law and was superseded by one under the *new*.   And suppose this adverse possession commenced at the expiration of the year 1853, did it not continue down to the time when these parties were litigating before the court ?   And although the right to dispossess accrued *eo instanti* the lease terminated, still was it not renewed every subsequent day thereafter ?   And was not the owner entitled to all the rights and remedies which the law supplied, whenever he saw fit to move in the matter ?

If the legislature see fit to alter the law as to the manner of pleading either at law or in equity, or in any summary or anomalous proceeding, and the statute takes effect before the defence is made, the party must conform to the new rule.   And he cannot complain of having been deprived of a vested right.   There is, we apprehend,

no such thing as a vested right in remedies. All the courts say is, that the legislature cannot so change the remedy as to render it nugatory. And that, perhaps, is the trouble in this case. By requiring the tenant to swear that he does not hold under the *vendor* of the *affiants*, he cannot take the oath. If so he should surrender the premises without further contestation.

In conclusion, we would add, that the court was wrong in authorizing a verdict to be taken. The oath of the tenant being ruled out, there was no issue in court. Still, the judgment of ouster was right—the execution of which may be stopped by the tenant at any time, upon condition that he will make oath under the act of 1854; not otherwise.