The Travellers Insurance Company v. Brouse et al.

No. 9775.

THE TRAVELLERS INSURANCE COMPANY v. BROUSE ET AL.

SHERIFF'S SALE.—*Real Estate.*—*Redemption.*—*Contracts.*—*Constitutional Law.*
—*Execution.*—The act of 1881 (R. S. 1881, sections 766–778), so far as it
operates by its terms upon contracts made prior to its passage, in taking
from the purchaser of lands sold on execution, the former right to the
rents and profits during the year allowed for redemption, if there be no
redemption, impairs the obligation of contracts, and is void.

SAME.—*Receiver.*—*Rents and Profits.*—*Insolvency.*—Where there is a sale of
lands on execution, to satisfy a judgment upon a contract made prior
to April 11th, 1881, and the debtor is insolvent, a receiver may be ap-
pointed to collect the rents and profits during the year of redemption, to
be paid to the debtor if he redeems, and otherwise to the purchaser.

From the Johnson Circuit Court.

*F. H. Levering* and *R. M. Johnson,* for appellant.

BICKNELL, C. C.—The appellant foreclosed a mortgage
upon land owned by one Hadley, and occupied by Terhune
as Hadley's tenant.

Terhune had a tax title to the land, and by the foreclosure
decree it was adjudged that Terhune was entitled to $363.98
of the proceeds of· the foreclosure sale, and to a first lien
therefor upon the property, and a receiver was appointed to
collect the rents and profits of the land, during the period
allowed for redemption.

The decree was made on May 5th, 1881. The appellant
was the purchaser at the sale.

On May 28th, 1881, the receiver and Terhune agreed in
writing that Terhune should have the use of the land for nine
months, for a rent of $155, to be paid to the appellant by a
credit for that sum upon the decree in Terhune's favor, all of
which decree except said $155 was paid otherwise to Terhune
by the appellant, and on June 9th, 1881, Terhune entered,
upon the record of the foreclosure suit, the following receipt:
"In consideration of the sum of $363.98, I hereby assign
and transfer to The Travellers Insurance Company all my
right, title and interest in this judgment."

On September 6th, 1881, Terhune moved the court to modify said judgment, by setting aside the appointment of the receiver, and cancelling said receipt to the extent of $155.

The appellant appeared to the motion and the court found that the appointment of said receiver was without authority of law and was contrary to law, and that said receipt as to $155 thereof was made under a mistake of fact, and that $208.98 only was received by Terhune, and that the judgment ought to be modified by striking out the appointment of the receiver, and that said receipt should be modified so as to be a receipt for $208.98 only, in part payment of Terhune's lien, and that said lien should still exist for the sum of $155, etc.

Judgment was rendered upon the finding and the insurance company appealed.

The error assigned is that the court erred in sustaining the aforesaid motion.

The appellant claims that the appointment of the receiver was right under the act of June 4th, 1861, 2 R. S. 1876, p. 220; and that the act of April 11th, 1881, Acts 1881, p. 593, under which no such receiver can be appointed, does not operate upon pre-existing contracts.

There is no brief for the appellees.

It was held in *Connelly* v. *Dickson*, 76 Ind. 440, that, in certain cases, a receiver may be appointed of the rents and profits of real estate sold on execution, during the year allowed for redemption. The court said: "We are not, however, to be understood as meaning that a receiver may be empowered to disturb the actual possession of the owner, or of his tenants, occupying under contracts made in good faith. Our decision is, that, where it is shown, * that the property is in the hands of a tenant, who is under contract to pay a stipulated rent, which has not been paid to the judgment debtor or the owner of the land, and that the latter is insolvent and can not redeem, the court may appoint a receiver to collect such rents, and to hold the same until the end of the year, if a re-

demption be not sooner made, to be paid over to the debtor, if he redeems, and otherwise, to the purchaser."

This decision was made upon the following clause of section 2 of the act of June 4th, 1861, *supra:* "The judgment debtor shall be entitled to the possession of the premises for one year after the sale, and in case they are not redeemed at the end of the year as provided in this act, he shall be liable to the purchaser for their reasonable rents and profits."

The court said this clause should be interpreted as if it read, "The purchaser shall not be entitled to the possession of the premises for one year after the sale, but in case they are not redeemed at the end of the year, as provided in this act, the owner or occupant shall be accountable to him for their reasonable rents and profits."

The record in the case at bar does not show whether or not it came within the ruling in *Connelly* v. *Dickson, supra,* but even if we must presume that such was the fact, the question remains, was it governed by the act of 1861, *supra,* or by the act of 1881, *supra ?*

The latter act took effect upon its passage, nearly a month before the judgment of foreclosure herein referred to was rendered. Section 2 of the aforesaid act of 1881 provides that the owner of the land shall be entitled to the possession of the same for one year from the date of the sale.

Section 12 of the same act provides that "The person receiving a conveyance from the sheriff, pursuant to the provisions of this act, shall be entitled to recover for any waste or injury to the premises conveyed, committed after the original sale on execution." But the act contains no provision that the owner or judgment debtor shall be liable to the purchaser for rents and profits during the year allowed for redemption.

The 13th section of this act is as follows:

"The provisions of this act shall not apply to any sale on execution or decretal order made before the taking effect of this act; but all liens and rights of redemption and resale, ex-

isting at the passage of this act and growing out of any such sale, may be enforced in like manner as if this act had not been passed, and in accordance with the statute in force when such sale was made. But all sales made after the passage of this act, and all redemptions therefrom, shall be governed by the provisions of this act; and, an emergency existing therefor, this act shall be in force from its passage."

This section states the intention of the Legislature very clearly; it leaves nothing to implication; it states expressly that all sales made after the passage of the act, and all redemptions therefrom, shall be governed by the act.

In the case at bar, the sale and the decree were both made after the act took effect, but the mortgage was made while the act of 1861, *supra*, was in force, to wit, in November, 1874. The appellant claims that said act of 1881, as to every contract made before its passage, violates the Constitution of the United States, by impairing the obligation of the contract. He says the collection of the rents and profits, under the said act of 1861, is a right secured by the existing contract, with which the Legislature can not interfere.

Upon the point here made, there is some conflict in the cases, but the decision of this court has been, that, although the State may change the remedy, and in so doing may, incidentally, delay the collection of a debt, yet the Legislature can not, under the name of legislating upon the remedy, intentionally, in effect, impair the obligation of a contract. *Scobey* v. *Gibson*, 17 Ind. 572, 574.

Therefore, appraisement laws and stay laws, although nominally they regulate the remedy only, do not operate upon contracts existing before such laws took effect. *Doe* v. *Heath*, 7 Blackf. 154; *Sheets* v. *Peabody*, 7 Blackf. 613; *Dormire* v. *Cogly*, 8 Blackf. 177; *Strong* v. *Daniel*, 5 Ind. 348.

The act of June 4th, 1861, *supra*, which was the first statute of redemptions enacted in Indiana, was held not to apply to

pre-existing contracts. *Scobey* v. *Gibson, supra; Iglehart* v. *Wolfin*, 20 Ind. 32.

These cases are decisive of the present case. If to authorize redemption, with a proviso securing the rents and profits to the purchaser, impaired the obligation of pre-existing contracts, it did so because it took away from the creditor rights held under the law of the land, with reference to which law the contract was made, and which law was substantially a part of the contract.

So the act of April 11th, 1881, *supra*, which takes from the creditor, who purchases at the execution sale, the right he previously had to the rents and profits during the redemption year, if the land were not redeemed, must likewise be held to impair the obligation of the contract in that respect.

And this is in accordance with the decisions of the Supreme Court of the United States. *Bronson* v. *Kinzie*, 1 How. 311 ; *McCracken* v. *Hayward*, 2 How. 608 ; *Gantly's Lessee* v. *Ewing*, 3 How. 707 ; *Curran* v. *State of Arkansas*, 15 How. 304.

So much of the act of April 11th, 1881, *supra*, as undertakes to change that part of section 2 of the act of June 4th, 1861, *supra*, which makes the judgment debtor, if the land be not redeemed, liable to the purchaser at the execution sale, for the rents and profits of the land during the year allowed for redemption, should be construed as inapplicable to contracts made prior to the passage of said act of 1881.

It follows that the court below erred in sustaining the appellee's motion to modify said decree of foreclosure, and the judgment of the court below ought to be reversed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment of the court below be and it is hereby in all things reversed, at the costs of the appellees.