Adams *et al. v.* Glidden.

No. 12,971.

## ADAMS ET AL. *v.* GLIDDEN.

SHERIFF'S SALE.—*Redemption of Real Estate.—Act of 1861.— Rents and Profits.—Judgment Debtor Alone Liable for.—*Under the redemption law of 1861, no one except the judgment debtor could be held liable to the execution purchaser for the rents and profits of the real estate during the year allowed for redemption.

SAME.—*Act of 1879.—Occupant of Land Liable for Rents and Profits.—*The redemption law of 1879, which superseded that of 1861, made the occupant, although not the judgment debtor, liable for the rents and profits of real estate during the year for redemption.

SAME.—*Redemption Law of 1881.—No Liability for Rents and Profits by Virtue of Act.—*Under the act of 1881 on the subject of redemption, no one is liable to the execution purchaser, by virtue of the act alone, for the rents and profits of real estate during the period allowed for redemption.

SAME.—*Vendor's Lien.—Redemption Laws Construed.—*A vendor's lien attached to real estate in 1876. After the taking effect of the redemption law of 1881, the lien was enforced, and the real estate sold by the sheriff under the decree of foreclosure. At the time of the foreclosure and sale, and during the year following the sale, the real estate was occupied by a grantee of the judgment debtor.

*Held,* that such occupant is not liable to the execution purchaser for the rents and profits of the land during the year following the sale, either under the provisions of the redemption law of 1861 or that of 1881.

From the Henry Circuit Court.

·*J. Brown* and *W. A. Brown,* for appellants.

*J. H. Mellett* and *E. H. Bundy,* for appellee.

ZOLLARS, C. J.—It is averred in appellants' complaint, that in 1876 Lydia Adams sold and conveyed to Ira B. Adams certain real estate, describing it; that Ira B. Adams sold and conveyed it to the Citizens State Bank of New Castle; that in December, 1881, Lydia Adams brought suit for the purchase-money and to enforce her vendor's lien against the real estate; that the bank, being at that time the owner of the real estate, was made a party defendant, and that she recovered a judgment for the balance due, and an order and decree for the sale of the real estate; that pend-

ing the action the bank sold and conveyed the real estate to one Ungers, who, also, pending the action, sold and conveyed it to appellee; that in 1884 the real estate was sold by the sheriff under the decree, and was purchased by Lydia Adams, who received from the sheriff a certificate of purchase; that soon after the sale she sold and transferred the certificate to appellants, who received a sheriff's deed for the real estate in 1885, and that appellee occupied it, receiving the rents and profits thereof, from the time of his purchase until the execution of the sheriff's deed, including the year allowed for redemption.

Upon the foregoing facts appellants claim that appellee is liable to them for the rents and profits of the real estate for the year during which it might have been redeemed.

The court below sustained a demurrer to the complaint. That ruling is assigned as error.

It is very clear that appellee was not, and is not, the judgment debtor. At the time of the sale by Lydia Adams the statute of 1861 was in force, which provided that, where real estate should be sold upon a judgment or decree, the judgment debtor should be entitled to the possession of the premises for one year after the sale; and that in case they should not be redeemed during that year, as in the act provided, he should be liable to the purchaser for the reasonable rents and profits. 2 R. S. 1876, p. 220.

Under that statute, as interpreted by this court, neither the grantee of the judgment debtor, nor any one else except the judgment debtor, could be held liable to the execution purchaser for the rents and profits of the real estate during the year allowed for redemption. *Bryson* v. *McCreary*, 102 Ind. 1, and cases there cited.

In the above case the act of 1861 was in force at the time the contract between the parties was made, and the sale and occupancy were under the act of 1879 (Acts 1879, p. 176), which took the place of the act of 1861, and made the occu-

pant, although not the judgment debtor, liable for the rents and profits of real estate during the year allowed for redemption.

It was held in that case, that a subsequent law could not increase the liability of the debtor, nor take from the creditor his right to the rents and profits of real estate held by the judgment debtor during the year allowed for redemption, as given by the act of 1861, in force at the time the contract was made; that the act of 1879 was not repugnant to the Constitution, as violating the obligations of contracts under the act of 1861, in that it only provided a more efficient remedy for the enforcement of the contract between the parties under that act.

The case before us is clearly distinguishable from that case. Here the act of 1861 was in force at the time the contract of sale was made by Lydia Adams. Neither the sale by the sheriff nor the occupancy by appellee was under the act of 1879. They were both under the act of 1881. R. S. 1881, sections 767 and 777. Under this latter act, no one is liable to the execution purchaser, by virtue of the act alone, for the rents and profits of real estate during the year allowed for redemption. *Travellers Ins. Co.* v. *Brouse*, 83 Ind. 62. And while that act did not, and could not, destroy any rights which appellants may have had by virtue of the contract of Lydia Adams under the act of 1861, it did effectually repeal that act and the act of 1879. The repeal of the act of 1879 did not violate any contract in which appellants were interested, first, because that act related to the remedy, and, second, because the contract of Lydia Adams, through whom appellants acquired whatever rights they have, was under the act of 1861.

Without extending this opinion, it is sufficient to say, that appellants can not recover by virtue of the act of 1861, because, if for no other reason, that act made the judgment debtor alone liable for rents and profits, and appellee was not, and is not, such judgment debtor. Neither can they recover

under the act of 1881, which was in force at the time of the sale, and the occupancy by appellee, because, under that act, he could in no event be held liable for the rents and profits, by virtue of the act alone.

Judgment affirmed, with costs.

