No. 13,315.

DAVIS v. RUPE ET AL.

SHERIFF'S SALE.—*Rents During Time Allowed for Redemption.—Right of Purchaser to Recover. — Act of 1881.—Impairing Obligation of Contracts.—Constitutional Law.*—Simple contract debts were created by H. in 1880, while the redemption law of 1879 was in force. That law provided that the owner or occupant of land sold on execution should be liable to the purchaser, in case redemption should not be made, for the reasonable

Davis v. Rupe et al.

rents thereof during the time allowed for redemption. A sale of H.'s property was made in 1884, after the redemption law of 1879 had been superseded by that of 1881. The later law creates no liability for rents during the time allowed for redemption. It declares that its provisions shall not apply to sales made prior to its passage, but that all sales and redemptions subsequently made shall be governed thereby.

Held, that the act of 1881 governs, and rents are not recoverable by the execution purchaser.

. Held, also, that the act of 1881 is not unconstitutional as impairing the obligation of contracts.

CONSTITUTIONAL LAW.— Obligation of Contracts.— Enactments Impairing.— For a discussion of general principles relating to enactments which affect the remedy merely, as distinguished from those which, by limiting or changing the remedy, impair the obligation of pre-existing contracts, and for the citation of many valuable authorities, see opinion.

From the Wayne Circuit Court.

H. C. Fox and J. F. Robbins, for appellant.

C. H. Burchenal, J. L. Rupe, J. F. Kibbey, J. H. Kibbey. and T. J. Study, for appellees.

MITCHELL, C. J.—The question for decision in the present case arises upon the following facts : Between the 1st day of January and the 1st day of June, 1880, Elwood Hadley became indebted to divers persons for goods and merchandise sold and delivered. The debts were simple contract debts, not secured by mortgage or other lien upon real estate. In the years 1880 and 1881 judgments were recovered in the Wayne Circuit Court against Hadley upon the above mentioned debts. Subsequently, in pursuance of an order and decree of the Wayne Circuit Court—the decree having been given in an action in which the above mentioned creditors united to set aside an alleged fraudulent conveyance theretofore made of certain real estate owned by the judgment debtor—the sheriff of Wayne county, in the month of June, 1884, sold the real estate described in the decree as the property of Elwood Hadley to John Rupe, as trustee of the creditors at whose suit the decree had been given. No redemption having taken place from the sale so made, the sheriff executed a deed accordingly to the purchaser as trustee in June, 1885.

Pending the year for redemption, Robert F. Davis occupied the real estate as tenant of Elwood Hadley, he having leased the same prior to the sale at a stipulated sum by the month, the amount agreed upon as rent being the fair rental value of the premises.

The facts having been found substantially as above stated in an action brought by the trustee against Davis to recover the rent accrued during the year for redemption, the court stated conclusions of law thereon to the effect that the trustee was entitled to recover from the tenant of Hadley two-thirds of the rent so accrued, the wife of Hadley being entitled to the other one-third, she having become owner of an undivided one-third of the premises under the act of March 11th, 1875.

The propriety of the conclusions thus stated depends entirely upon the validity of the act relating to the redemption of lands from sales on execution and decretal orders, in force from and after April 11th, 1881. This act, like the one it superseded (Acts 1879, p. 176), provided that the owner of real estate sold by the sheriff on execution or decretal order, should be entitled to the possession of the land sold for one year after the date of the sale. Section 767, R. S. 1881.

Unlike the earlier act, the later does not provide that the owner or occupant of the land during the time it is subject to redemption shall be liable to the purchaser for the reasonable rents and profits thereof, in case it is not redeemed. It is silent upon that subject.

As has been seen, the debts which formed the basis of the several judgments, for the satisfaction of which the real estate was subsequently ordered to be sold, were contracted by Elwood Hadley in 1880, while the redemption law of 1879 was still in force. The sale was made in 1884, the act of 1881 being then in force. That act declares, in effect, that its provisions shall not apply to any sale made prior to the taking effect thereof; but that all sales made after the passage of the

act, and all redemptions therefrom, shall be governed by its provisions.

The learned circuit court proceeded upon the assumption that the provisions of the act of 1879, which, in express terms, rendered the owner or occupant of land sold liable to the purchaser for the reasonable rents and profits, in case the property was not redeemed within the time prescribed, remained operative and in effect in respect to contracts made while it was in force, notwithstanding the provisions of the act of 1881 in relation to sales after the taking effect of that act. The later act, it is said, in so far as it indicates a contrary purpose, by omitting to provide for the recovery of rent by the purchaser at an execution sale, is in conflict with those provisions of the Federal and State Constitutions, respectively, which prohibit. the passing of laws impairing the obligation of contracts.

What constitutes the obligation of a contract, in the constitutional sense, has been a fruitful subject upon which much learned discussion may be found in the reported decisions. Generally, the obligation of a contract may be said to be the legally enforceable duty which the obligor is under to perform it. Notwithstanding all that has been said upon the subject, the boundary line distinguishing enactments which affect the remedy merely from those which, by limiting or changing the remedy, impair the obligation of pre-existing contracts, has not been, and, for obvious reasons, can not be, drawn so broadly as to furnish a satisfactory rule for the determination of all cases. "Every case must be determined upon its own circumstances." *Von Hoffman* v. *City of Quincy*, 4 Wall. 535.

Certain general principles have been universally accepted, and whether or not an enactment falls within the constitutional inhibition, is to be determined by the application of those principles to the statute and the contract in question in each case. Thus it is settled that an existing remedy available for, and appropriate to, the enforcement of a con-

tract when and where it was made, is within its obligatory scope. *Buser* v. *Shepard,* 107 Ind. 417; *Bryson* v. *McCreary,* 102 Ind. 1, and cases cited; *Gunn* v. *Barry,* 15 Wall. 610; *Edwards* v. *Kearzey,* 96 U. S. 595.

An available remedy for the enforcement of the contract having existed at the time it was made, the obligee may assume that the State will not deprive him of the means of making his contract effectual according to the course of justice in the courts.

A contract having no other sanction than the moral sense of obligation or duty possessed by the persons benefited and equitably bound to perform, might, in many instances, be a delusion, and without force or value. Hence there is embraced in, or adherent to, the obligation of every contract the legal right to enforce performance, according to a mode of procedure appropriate to the subject-matter of the contract. This right to make the contract effectual by legal compulsion is one of the most efficient and essential elements of its obligation, and is as much a subject of protection within the Constitution as is any other feature of the contract. Although the remedy constitutes an essential part of the obligation of a contract, it does not follow that the existing or any other particular form of remedy becomes necessarily a contract right or a subject of the contract, and, therefore, part of its obligation in such sense as to confer a vested right in the remedy, so as to place it beyond the domain of legislative modification or change.

The power of the Legislature to change the remedy, where no substantial right *under the contract* is affected, is well settled. The prohibited change is such as affects or impairs a contract right, or which substantially deprives a party of adequate means of enforcing his contract. In the language of SHARKEY, C. J.: "It is only necessary that there should be an adequate subsisting remedy. * * * If the remedy given be as good as that which was taken away, the obligation of the contract is not thereby impaired." *McMillan*

v. *Sprague*, 4 How. (Miss.) 647 ; Wade Retroactive Laws, section 203 ; *Baldwin* v. *City of Newark*, 38 N. J. 158.

As is said by POLAND, C. J., in *Richardson* v. *Cook*, 37 Vt. 599 : " The Legislature may change and modify remedies, forms of proceedings, and the tribunal itself, as they choose, but they shall not directly, or indirectly, destroy or abolish all remedy whatever, by which the performance of any class of valid, legal contracts may be enforced."

" The rule seems to be that in modes of proceeding and of forms to enforce the contract the Legislature has the control, and may enlarge, limit, or alter them, provided that it does not deny a remedy, or so embarrass it with conditions and restrictions as seriously to impair the value of the right." *Tennessee* v. *Sneed*, 96 U. S. 69.

As has often been declared, there can be no vested right in remedies, provided they are not so changed as to be rendered nugatory, and hence it is that whatever belongs to the remedy merely is within the control of the Legislature, subject only to the limitation that an adequate and reasonable mode of enforcing the right must remain, or be provided, which leaves the value of the contract without substantial depreciation or impairment. *Lockett* v. *Usry*, 28 Ga. 345 ; *Read* v. *Frankfort Bank*, 23 Maine, 318 ; *White* v. *Hart*, 13 Wall. 646.

Until the means which existed for the enforcement of a contract are, by legislation directly affecting those means, superseded by others materially less efficacious for the enforcement of the contract, there is no impairment of its obligation, even though a new remedy may have been provided which is less convenient or less prompt and speedy than the old. *Wolff* v. *New Orleans*, 103 U. S. 358 ; *Penrose* v. *Erie Canal Co.*, 56 Pa. St. 46 ; *Simpson* v. *City Savings Bank*, 56 N. H. 466 ; Cooley Const. Lim. 349, 350.

In respect to legislative enactments which effect a modification of exemption laws, or laws of an analogous character,

---

Davis v. Rupe *et al.*

---

in force at the time of the execution of a contract, the rule which obtains is, that unless such enactments result in a substantial encroachment upon the rights of a creditor, by destroying or materially affecting a remedy which entered into and formed part of the contract itself, the statute is not obnoxious to the objection that it impairs the obligation of the contract. *Taylor* v. *Stockwell*, 66 Ind. 505; *Edwards* v. *Kearzey*, *supra*; *Bronson* v. *Kinzie*, 1 How. 311; *Planters' Bank* v. *Sharp*, 6 How. 301; *Morse* v. *Gould*, 11 N. Y. 281; *Stephenson* v. *Osborne*, 41 Miss. 119; *Lessley* v. *Phipps*, 49 Miss. 790.

Thus it was held in *Taylor* v. *Stockwell*, *supra*, upon full consideration of the authorities, that the Legislature might, in pursuance of an " enlightened public policy and on principles of humanity, reserve to the debtor as exempt from execution the reasonable means of carrying on his business and occupation, and a reasonable amount of the necessaries of life," and that the act of March 11th, 1875, by which the hitherto inchoate interest of the wife in the husband's real estate became consummate as against a purchaser at a judicial sale, was not a material impairment of a pre-existing creditor's remedy, and, hence, not an infringement upon the constitutional provision under examination. In that case, as in the present, the debt was represented by the simple contract of the creditor, unaccompanied by any specific or contract lien. Where the right to sell a particular or defined interest in the debtor's property for the satisfaction of a debt is not made a contract right, that is, a part of the contract itself, but exists only by virtue of general statutes authorizing the property to be levied upon and sold, such reasonable changes, looking to the amelioration and protection of the wife and family of the debtor, as do not withdraw from sale a substantial part of the debtor's property, are within the legitimate province of the Legislature in determining the policy of the State. Accordingly, it has been held that statutes abolishing imprisonment for debt, and taking away the right

of landlords to distrain for rent, and other similar enactments, do not, within the meaning of the Constitution, impair the obligation of contracts entered into prior to their enactment. *Penniman's Case*, 103 U. S. 714; *Fisher* v. *Lacky*, 6 Blackf. 373; *Lockett* v. *Usry*, 28 Ga. 345; *Stocking* v. *Hunt*, 3 Denio, 274; *Newark Savings Institution* v. *Forman*, 33 N. J. Eq. 436.

By the common law, real estate was not subject to be levied upon and sold on execution.

The right to acquire a lien upon real estate by judgment, and the right to sell real estate upon execution, are derived from the statute. These are rights altogether outside of the creditor's contract. A creditor, even though he may have reduced his claim to judgment, has no contractual interest or estate in his debtor's land. *Gimbel* v. *Stolte*, 59 Ind. 446; *Iverson* v. *Shorter*, 9 Ala. 713; *Berthold* v. *Fox*, 13 Minn. 501; *Thorn* v. *San Francisco*, 4 Cal. 127; *Watson* v. *New York, etc., R. R. Co.*, 47 N. Y. 157.

In respect to such rights and remedies as are given by statute and as are not secured by contract, the creditor "stands wholly upon the law which gives him the remedy for the collection of his debt." Having contracted for no specific lien or particular remedy, the creditor has, in effect, agreed that he will take the remedy as he may find it, subject only to the condition that it shall be reasonably adequate to make his contract effectual by legal compulsion, and such as other creditors in like circumstances are entitled to by the laws of the land.

Where, however, a creditor has acquired a specific lien upon or interest in property by contract, his rights in the specific property are then contractual, and it is not competent for the Legislature to interpose in behalf of the debtor or his wife, and, by enlarging the rights of either, or by modifying the rights of the creditor, to impair or depreciate the value of an antecedent debt or security.

In the application of this principle it has been held that the vendible value of the estate or interest of a mortgagee, or

other holder of a specific lien upon real estate, can not be materially affected or appreciably diminished by an act of the Legislature which rendered consummate the prior inchoate right of a married woman in the real estate of her husband. *Helphenstine* v. *Meredith*, 84 Ind. 1 ; *Buser* v. *Shepard, supra,* and cases cited.

In like manner, it has been held that a redemption law, the effect of which is to depreciate the value of an antecedent security, existing by way of mortgage, or which changes the character of the estate which passes by a sale under a power contained in a mortgage, can not be maintained. *Coddington* v. *Bispham*, 36 N. J. Eq. 574; *Hillebert* v. *Porter*, 28 Minn. 496.

So, in *Boice* v. *Boice*, 27 Minn. 371, it was held, where a clause had been inserted in a chattel mortgage, giving authority to the mortgagee to take possession of the mortgaged property if he should at " any time deem himself insecure," that the right to take possession was a contract right, and beyond legislative interference.

The facts found in the present case show that simple contract creditors, availing themselves of remedies confessedly ample as between themselves and their debtor, have sold real estate owned by the latter at an execution or decretal sale.

For aught that appears, the several debts or judgments have been fully satisfied, either by the sale of real estate or otherwise. At all events, so far as the real estate in question is concerned, the relation of debtor and creditor has long since terminated, and that of purchaser and owner of an equity of redemption has followed.

It is difficult to perceive how it can now be said that a statute which fixes the terms upon which the owner may redeem can be said to impair the obligation of the creditor's contract, although the debt may have been coercively collected by a statutory sale of the debtor's property. Why shall the purchaser of real estate, who bids off property at an execution sale, with an existing redemption law in full

view, have the right to appeal to the contract between the debtor and creditor? How is the purchaser concerned with the redemption law which was in force at the time the contract was made?

A purchaser at an execution sale stands in no sort of legal privity of contract with the creditor upon whose claim the judgment was obtained. It does not alter the case that the purchaser and the creditor are the same person. In respect to the property purchased they can not be the same. The creditors ceased to be creditors when the sale occurred. Thenceforward their interest in the property was as purchasers at an execution sale, not as creditors. It can not in reason be maintained that one rule should apply when the purchase is by a stranger, and another when the creditor or his agent becomes the purchaser.

To require a purchaser of real estate sold on execution to conform to the terms of the redemption of the property purchased, as prescribed by the statute in force at the time of the purchase, does not in any legal sense impair the obligation of the contract which forms the basis of the judgment upon which the sale was made. Substantially this was said in *Connecticut Mut. Life Ins. Co.* v. *Cushman*, 108 U. S. 51.

The facts in the case cited were, that, at the time of the execution of the mortgage in question, the statute of the State of Illinois required the owner or other person entitled to redeem to pay ten per cent. interest. A statute in force at the time of the sale authorized a redemption by paying eight per cent. interest. It was insisted that the value of the mortgage contract was impaired by the subsequent law reducing the rate of interest, because it was argued the reduction of the interest would necessarily tend to lessen the number of bidders at the sale. It was held, however, that "The laws with reference to which the parties must be assumed to have contracted, when the mortgage was executed, were those which in their direct or necessary legal operation controlled or affected the obligations of such contract," and that the fact

that bidders might be deterred by the reduction of interest was a contingency too remote to justify the conclusion, as matter of law, that the legislation affected the value of the mortgage contract.

In the view we take, the case cited, involving as it did the rights of a purchaser under a mortgage sale, goes to an extent beyond what is required to uphold the law under which the sale was made in the present case. The right of the execution debtor to occupy real estate sold during the year within which he is entitled to redeem, is a humane and reasonable regulation. As against debtors, the redemption law in force at the time of the sale has been uniformly held to govern. *Edwards* v. *Johnson,* 105 Ind. 594 ; *Moor* v. *Seaton,* 31 Ind. 11. We can see no reason why it should not govern as to creditors.

Redemption from sales made in pursuance of decretal orders in foreclosure cases may stand upon a somewhat different basis. There is a sense in which a mortgagee acquires an estate or interest in the land mortgaged. Subsequent legislation tending to diminish the quantity or character of the estate by enlarging the right of the mortgagee, might in a given case materially and injuriously affect the value of the mortgage debt. For that reason, the ruling in *Travellers Ins. Co.* v. *Brouse,* 83 Ind. 62, is not controlling in a case like the present. For the same reason, the conclusions at which we have arrived in the present case do not necessarily result in the modification of the case cited, except so far as that case may seem to have general application to all contracts. Concerning mortgages, the question remains for further examination. As has been observed, every case, even though it may involve a purchase at a mortgage sale, must depend largely upon its own circumstances. Regard must be had to the effect of the law upon contracts, as cases arise, in determining whether or not within the general principles the obligation of the contract has been impaired.

Upon the facts found in the present case, our conclusion is that the learned circuit court erred.

The judgment is reversed, with `costs, with directions to the court below to restate its conclusions of law, and to render judgment in accordance with this opinion.

Filed May 19, 1888.