## World Building, Loan and Investment Company *v.* Marlin et al.

### [No. 18,662. Filed December 21, 1898.]

MORTGAGES.—*Foreclosure. — Rents During Year of Redemption.*—Upon a judgment and a decree of foreclosure certain mortgaged real estate was sold to the mortgagee for the full amount of the judgment, interest, and costs. Afterwards, on application of the mortgagee, and upon default of the judgment debtor, a receiver was appointed to take charge of the rents and profits during the year for redemption. The real estate was not redeemed, and, upon report of receiver being filed showing amount of rents received, the judgment debtor filed a motion asking that the rents collected by the receiver be paid to him. *Held,* that the judgment debtor was entitled to the rents. *pp. 630-635.*

HOUSEHOLDER'S EXEMPTION.—*Rents During Year of Redemption on Foreclosure of Mortgage.*—The right of a judgment debtor to the rents and profits of real estate sold on foreclosure of mortgage during the year for redemption does not enlarge the exemption laws, as the value of such rents must be given in and appraised the same as other property. *p. 636.*

MORTGAGES.— *Foreclosure.— Receiver to Take Charge of Rents and Profits.*—Where mortgaged premises are sold for a sum sufficient to pay the judgment and decree on foreclosure, no receiver should be appointed to take charge of the rents and profits. *p. 636.*

APPEAL.—*When Correct Final Judgment Not Reversed Because of Erroneous Order Previously Made.*—A party in whose favor an erroneous ruling or order in a cause was made cannot successfully urge a reversal of a correct final judgment on the ground that it is contrary to the erroneous ruling or order previously made. *p. 637.*

From the Jay Circuit Court. *Affirmed.*

*J. J. M. LaFollette* and *O. H. Adair*, for appellant.

*D. T. Taylor*, for appellees.

MONKS, C. J.—Appellant brought suit in the court below to foreclose a mortgage on real estate in said county. A judgment and decree of foreclosure were rendered in favor of appellant in said action, and said real estate was sold on said decree for the full amount of the judgment, interest, and costs to appellant. A

few days after the sale, on application of appellant, a receiver was appointed by the court below, to take charge of and rent the real estate so sold to appellant, and collect said rents during the year appellee John M. Marlin was entitled to redeem the same. Appellees were duly notified of said application, but did not appear thereto, and were defaulted. After the year for redemption expired, and no one having redeemed from said sale, a sheriff's deed was executed conveying said real estate to appellant. When the receiver made his report, showing the rents received from said real estate during the year of redemption, appellee John M. Marlin filed a motion asking that said money be paid to him, on the ground that he was the judgment debtor and the owner of said real estate at the date of the judgment and decree, and at all times since until the sheriff's deed was executed, and was entitled to the possession and rents and profits thereof during the said year of redemption. The court ordered said money paid over to said appellee, and from the order so made, appellant prosecutes this appeal. Said notes and mortgage were executed, and all of said proceedings had, since the redemption law of 1881 took effect.

Appellant insists that the statute only gave Marlin the right to occupy said real estate during the year of redemption, and as he did not occupy the same in person, or redeem the real estate, that appellant, as purchaser at sheriff's sale, was entitled to the rent received by the receiver during said year of redemption. Section 779, Burns' R. S. 1894 (767, Horner's R. S. 1897), provides that "The owner of the real estate or interest therein, sold as aforesaid, shall be entitled to the possession of the same for one year from the date of such sale." It was provided in section 2 of redemption law of 1861, Acts Sp. Sess. 1861,

p. 79, 2 Davis' R. S. 1876, p. 220, that "The judgment debtor shall be entitled to the possession of the premises for one year after the sale, and in case they are not redeemed at the end of the year as provided in this act, he shall be liable to the purchaser for their reasonable rents and profits." Under said section of the redemption law of 1861, this court held that neither the grantee nor tenant of the judgment debtor, nor any one else except the judgment debtor, was liable to the purchaser of the real estate at sheriff's sale, for the rents and profits during the year of redemption, if the same was not redeemed. *Bryson* v. *McCreary,* 102 Ind. 1, 3, 4, 8, and cases cited; *Adams* v. *Glidden,* 111 Ind. 528, 529-531. It was held in *Gale* v. *Parks,* 58 Ind. 117, that the right to recover from the judgment debtor the reasonable rents and profits of the real estate during the year of redemption, did not depend upon said section of the redemption law of 1861, but existed at common law, and such liability could be enforced if the statute was silent upon that subject. This holding was based upon the theory that the title of the purchaser under the sheriff's deed related back to the date of sale. It was afterwards held in *Wilson* v. *Powers,* 66 Ind. 75, citing earlier cases than *Gale* v. *Parks, supra,* but without referring to the last named case, that there was no liability except as fixed by statute, and that under the statute no one except the judgment debtor was liable to the purchaser for the reasonable rents and profits. In *Bryson* v. *McCreary, supra,* p. 56, it was expressly held that, so far as any cases held that the execution purchaser might recover independent of the statute, they should be regarded as overruled. See, also *Merritt* v. *Gibson,* 129 Ind. 155, 163, 15 L. R. A. 277.

In 1879 another redemption law was enacted, section 1 of which provided, in effect, that the owner of

real estate sold at sheriff's sale should be entitled to possession thereof during the year allowed for redemption, but, if the same is not redeemed, he shall be liable for the reasonable rents, profits or use thereof and "If such owner is not the actual occupant of the premises sold, but the same is occupied by a tenant or other person, such tenant or other person shall be liable to the purchaser for the reasonable rent or use, and occupation of the premises, and may be treated, in all respects, as the tenant of the purchaser, who shall, in case the property is redeemed, allow, as a payment upon his judgment, the amount of the rent by him collected." Acts 1879, p. 176. It was held in *Bryson* v. *McCreary, supra,* that the redemption law of 1879 did not impair the obligation of contracts entered into while the redemption law of 1861 was in force, because the main object of the last named law was accomplished by the law of 1879 in requiring the judgment debtor, if he occupied the premises and did not redeem, to account to the purchaser for the reasonable rents, and by allowing the purchaser to collect the reasonable rents in the first instance from other occupants of the premises, and keep them if the premises were not redeemed, and, if they were redeemed, to allow a credit on the judgment for the amount collected; that this additional authority on the part of the purchaser to collect rents from others than the judgment debtor, as under the law of 1861, operated in the way of security.

The redemption law of 1881, of which section 779 (767) *supra,* forms a part, was held unconstitutional as to sales made after said act took effect, under decrees foreclosing mortgages executed before it took effect, whether executed while the redemption law of 1861 or the redemption law of 1879 was in force, for the reason that it impaired the obligation of all con-

tracts made under such laws, in not providing for the recovery by the purchaser at sheriff's sale of the reasonable rents and profits during the year for redemption. *Travelers Ins. Co.* v. *Brouse,* 83 Ind. 62; *Bryson* v. *McCreary, supra,* p. 8. In *Davis* v. *Rupe,* 114 Ind. 588; *Robertson* v. *VanCleave,* 129 Ind. 217, 228-230, 15 L. R. A. 68, and *Merritt* v. *Gibson, supra,* p. 161, the soundness of the proposition declared in *Travelers Ins. Co.* v. *Brouse, supra,* that a material change cannot be made in a law concerning the redemption of real estate from a judicial sale, as against mortgages executed under previous redemption laws, because it impairs the obligation of the contract, was questioned, and left open for further examination. This was not upon the ground, however, that the case of *Travelers Ins. Co.* v. *Brouse, supra,* was wrong in holding that, under the redemption law of 1881, the purchaser at sheriff's sale was not entitled to recover the rents for the year of redemption if the real estate was not redeemed, which doctrine was assumed to be correct in said cases, but upon the ground that the change made by the redemption law of 1881 in the law concerning the redemption of real estate affected the remedy only, the question being whether in such cases the right to redeem is a part of the contract, or is a matter affecting the remedy only. Under our decisions, it may be regarded as settled law that, under the redemption laws of 1861 and 1879, the purchaser at sheriff's sale, when the land was not redeemed, recovered from the person named therein the reasonable rents of said real estate by virtue of the provisions of such statutes, and that, independently of the provisions of the statute, he had no right to recover the rents from anyone. It will be observed that the redemption law of 1881, which governs the rights of the parties in this case, makes no provision for the recovery of rents for the year of

redemption from any one, section 779 (767), *supra.* It would seem to follow, therefore, that appellant, as purchaser at the sheriff's sale, would not be entitled to the rent for the year of redemption in this case. Moreover, we think that this question has been decided by this court against the contention of appellant, for it has been expressly held under the redemption law of 1881 that the owner or occupant of lands is not required to account for rents received during the year for redemption, and that the purchaser at sheriff's sale cannot recover the same from any one. *Davis* v. *Rupe, supra; Adams* v. *Glidden, supra; Merritt* v. *Gibson, supra,* pp. 162, 163. In *Davis* v. *Rupe, supra,* real estate of one Hadly was sold on certain judgments against him to Rupe, trustee, and the said real estate not being redeemed within the year allowed by statute, the sheriff executed a deed to the purchaser as trustee, in June 1885. Pending the year of redemption, one Davis occupied the real estate as tenant of said Hadly, he having leased the same prior to the sheriff's sale, at a stipulated sum per month. Rupe, trustee, after he received the sheriff's deed for said real estate, sued Davis, the tenant, for the rent during the year of redemption; and this court held that under section 779, Burns' R. S. 1894 (767, R. S. 1881), said Davis, the tenant of Hadly was not liable to Rupe, trustee, the purchaser at sheriff's sale, for the rent of said real estate during the year of redemption. We think it clear, therefore, that the possession for one year from the date of sale provided for in section 779 (767) *supra,* being section 2 of the redemption law of 1881, is not limited to the actual occupancy of the person named in said section, but means that he is entitled to possession in person or by tenant or grantee for such year; and, if the land is not redeemed, the purchaser at sheriff's sale cannot recover the rea-

sonable rents of the land for such year from any one, for the reason that, under the laws of this State, he is not entitled thereto. Such construction does not enlarge the exemption laws, as claimed by appellant, because the value of such right of possession during the year allowed for redemption must be given in and appraised the same as other property, in case the owner thereof demands exemption of property from sale on execution. It was not held in *Merritt* v. *Gibson, supra,* that the purchaser of real estate at sheriff's sale was entitled to a receiver, to rent such real estate and collect the rents thereon during the year allowed for redemption; but, on the contrary, this court said, on p. 174, that "we do not decide that any purchaser at sheriff's sale is as such purchaser entitled to the appointment of a receiver." It was held, however, in that case, that when lands are sold at a mortgage sale for less than the debt secured by the mortgage, and the mortgage creditor is the purchaser, if he shows that the mortgaged lands are inadequate to secure the debt, that the debtor is insolvent, and that the lands, or a material part of them, are in occupancy of tenants who are to pay rent therefor by a share of such crops as they raise thereon, or otherwise, a court of equity may appoint a receiver to collect the rents accruing from the portion of such lands occupied by tenants, and hold them until the expiration of the year allowed for redemption, subject to the order of the court, to be paid to the mortgage creditor as a payment on the part of the judgment and decree of foreclosure not paid by the sale of the mortgaged premises, if the debtor does not redeem from the sale. In such case, if the mortgaged premises sell for a sufficient sum to pay the judgment and decree of foreclosure, no receiver should be appointed on the application of the purchaser, and, if such receiver has

World Building, Loan and Investment Company *v.* Marlin *et al.*

been appointed before such sale, he should be discharged, and any rents received by him after paying the costs of the receivership should be paid to the one entitled to the possession of such real estate during the year allowed for redemption.

It is next insisted by appellant that it was too late for appellee John C. Marlin to claim said rent when he had suffered a default on the application for the appointment of a receiver. It follows from what we have said that the court erred in appointing the receiver to rent said real estate, and collect the rents therefrom; but no order was made concerning the application of the rents so collected, except to pay taxes thereon, and keep the same insured. The order appointing the receiver was not a final judgment, but a mere interlocutory order, from which it is true, appellees could have prosecuted an appeal to this court. But a court, in appointing a receiver or in making any other interlocutory order, is not, if the same is erroneous, prevented thereby from rendering a correct final judgment. A court, by making an erroneous ruling or order in a cause, is not thereby prevented from afterwards rendering a correct order or judgment; and the party in whose favor such error was committed cannot successfully urge a reversal of a correct final judgment on the ground that it is contrary to the erroneous order previously made. The doctrine of collateral attack and *res adjudicata* have no application to such a case. No error having been committed against appellant, the judgment is affirmed.