TOSETTI BREWING COMPANY v. GOEBEL ET AL.

[No. 2,859. Filed October 13, 1899.]

MORTGAGES.— *Foreclosure.*— *Rents During Year of Redemption.*— Appellant brought suit to foreclose a mortgage, and appellee and others filed cross-complaints for the foreclosure of junior mortgages and mechanics' liens. The judgment of appellant was made a first lien, and that of appellee the second. The property was sold under appellant's judgment and bid in by appellant for the full amount of its judgment and costs, and at the expiration of the year for redemption appellant received a deed for the property. The court, upon the application of appellee, directed the receiver to pay the

rents collected during the year of redemption to appellee, from which appellant appealed. *Held*, that neither appellant nor appellee was entitled to the rents.

From the Lake Circuit Court.    *Affirmed.*

*A. F. Knotts*, for appellant.

*F. N. Gavit* and *John A. Gavit*, for appellees.

COMSTOCK, C. J.—Appellant commenced this action against the appellees to foreclose a first mortgage on two lots on which were located an opera house and business rooms in the town of Whitely.   Cross-complaints were filed for the foreclosure of junior mortgages and mechanics' liens.   During the pendency of the action, upon application of one of the appellees, a lien holder ·upon two liens, a receiver was appointed, who took possession, by virtue of his appointment, of the buildings, managed the premises and collected the rents.   Such proceedings were afterwards had as resulted in the rendition of judgments and decrees in favor of the respective parties entitled thereto.   The judgment of appellant was made a first lien; that of appellee Weisiger, the second.   The property was sold under appellant's decree, and was bid in by it for the full amount of its judgment and costs and accruing costs, receipted its judgment in full, paid the costs and took a certificate of sale.   The receiver continued in possession during the year for redemption.   At the expiration of the year for redemption, appellant received from the sheriff a deed for the property.   Appellee Weisiger then petitioned the court to direct the receiver to pay to her the rent money collected during the year in his hands, amounting, after the payment of the insurance, to $400, as shown by his final report.   The lower court directed the money to be paid to appellee Weisiger and the receiver discharged.   The notes and mortgages were executed and all the proceedings had since the redemption law of 1881 took effect.   Appellee Weisiger contends that as she had a second lien, and as appellant bid in the property for the full amount

due it, that she was entitled to the rent. Appellant insists that as the money in controversy was collected during the year of redemption, and as neither of the appellees had availed him or herself of the right to redeem within the year, the money belonged to it: First, because the sheriff's deed took effect at and from the date of the sheriff's sale, subject only to the right of redemption; second, appellee could only have redeemed by paying all the amount of appellant's bid, together with interest at the rate of eight per cent., as provided by statute; and that having failed to do this, the rents belonged to appellant in lieu of interest. This is the only question in the appeal.

The rights of the owner of the mortgaged property are not involved in this appeal. The controversy is solely between appellant and appellee Weisiger. Under the recent decision of our Supreme Court in *World Building, etc., Co.*, v. *Marlin*, 151 Ind. 630, neither appellant nor appellee was entitled to the rents claimed. The record therefore presents no error of which the appellant has the right to complain. Further discussion is rendered unnecessary, and the judgment is affirmed upon the authority of the case above cited.