No. 8551.

## SHEEKS ET AL. *v.* KLOTZ.

RECEIVER.—*Mortgage.—Foreclosure.—Rents.—Judicial Sale.*—Where the mortgagor of lands sold on foreclosure occupies the property, a receiver could not, while the acts of 1879 (Acts 1879, pp. 169 and 176) were in force, be appointed at the instance of the plaintiff, to take possession and collect the rent during the year allowed for redemption.

From the Boone Circuit Court.

*P. H. Dutch,* for appellants.

*F. M. Charlton,* for appellee.

FRANKLIN, C.—At the November term, 1879, of the Boone Circuit Court, appellee recovered a judgment against Elijah Sheeks, and a decree of foreclosure of a mortgage against said Elijah Sheeks and Lizzie Sheeks, his wife. A receiver was appointed to take immediate possession of the mortgaged property and collect the rents until the property should be sold and the purchaser thereof would be entitled to a conveyance. At the February term thereafter of said court said appellants moved the court to modify said order for the appointment of a receiver, alleging, in their verified motion, that the mortgaged property had, on the 24th day of January, 1880, been sold by the sheriff under said decree of foreclosure, and appellee had become the purchaser; that they had paid to the receiver the rents for the property up to and including the day of said sale; that they were in possession of and occupied the mortgaged premises, and asked to have the order for the appointment of the receiver so modified as not to operate during the year for redemption, which motion was overruled by the court. Appellants excepted and appealed to this court. The overruling of the motion is assigned as error.

The complaint for foreclosure and the appointment of a receiver alleged that the mortgaged property was not worth as much as the debt thereby secured, and that the mortgagors were notoriously insolvent.

The question presented is, can a receiver be appointed to take possession and collect the rents of property sold by the sheriff on foreclosure, while said property is in the possession of and occupied by the mortgagor, during the year for redemption?

The fourth clause of the amended 199th section in the act approved March 31st, 1879 (see Acts 1879, p. 169), reads as follows: "*Fourth.* In actions by a mortgagee for the foreclosure of a mortgage, and the sale of the mortgaged property, when it appears that such property is in danger of being lost, removed, or materially injured; or when such property is not sufficient to discharge the mortgage debt, to secure the application of the rents and profits accruing before a sale can be had." This amended section provides for the appointment of receivers, and only authorizes the appointment of one to secure the application of the rents and profits accruing before a sale can be had.

If it was wrong to appoint a receiver to take possession and collect the rents during the time between the day of sale and when the purchaser would be entitled to a conveyance, the order should have been modified as moved for by appellants.

The first section of the redemption law, passed upon the same day of the passage of the foregoing statute, should be considered in connection with the former, and the two construed together. See Acts 1879, p. 176. This section provides: "That whenever real estate or any interest therein shall be sold on execution, * * * the owner of the property shall be entitled to the possession thereof during the time the same is subject to redemption, but if the same is not redeemed he shall be liable to the purchaser, his heirs or assigns, for the reasonable rents, profits, or use thereof: *Provided,* If such owner is not the actual occupant of the premises sold, but the same be occupied by a tenant or other person, such tenant or other person shall be liable to the purchaser for the reasonable rent or use, and occupation of the premises, and may be treated, in all respects, as the tenant of the purchaser, who shall, in

case the property is redeemed, allow, as a payment upon his judgment, the amount of the rent by him collected."

The redemption statute was passed for the benefit of the owner of the property, and not for the benefit of the purchaser, but securing the purchaser's rights so far as consistent with the owner's having a home upon and enjoying the use of the property for his support during the year for redemption, though, if not redeemed, being liable to the purchaser for the rents thereof. The purchaser buys the property with a knowledge of the owner's rights therein, and, where the owner is in possession and occupying the premises, must be content with his liability to pay rents.

We think the statutes above referred to fix the rights of the parties as above stated, and that courts have no power to make them otherwise.

We do not find that this precise question has heretofore been before this court. In the case of *Davis* v. *Newcomb*, 72 Ind. 413, the property was in the possession of Newcomb as assignee, was sold by the sheriff, and Newcomb as assignee collected the rents during the redemption year, and they were in the custody of the court; and this court held that a complaint setting up these facts and asking that Newcomb be required to pay the money he had so collected for rents during the redemption year to the purchaser, and not to Riley, the assignor, or his other creditors, was good on demurrer.

In the case of *Connelly* v. *Dickson*, 76 Ind. 440, the property was in the possession and occupancy of a tenant; and this court held that a receiver might be appointed to collect the rents during the year for redemption.

In the case of *Ridgeway* v. *First National Bank of Evansville*, 78 Ind. 119, the property was also in the possession and occupancy of a tenant, but the owner had transferred the rents to a creditor in payment of a good-faith debt, and it was held that the creditor could not be required to pay the rents so received back to the purchaser; but we have been unable to find any case where the possession, use and occupancy of the

premises by the owner during the year for redemption, by the appointment of a receiver or otherwise, have been interfered with. To do so would certainly be in violation of the spirit and letter of the statute providing for redemption.

We think the court below erred in overruling appellants' motion to so modify the judgment, for which error the judgment of the court below ought to be reversed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment of the court below be and the same is in all things reversed, and that the cause be remanded to the court below, with instructions to sustain appellants' motion to modify the judgment as moved for, at appellee's costs.