Taylor *v.* Morgan.

Filed May 26, 1884.

---

No. 11,292.

## TAYLOR *v.* MORGAN.

REDEMPTION.—*Statute Construed.*—*Junior Judgment Creditor.*—*Execution.*—
*Sheriff.*—*Levy upon and Sale of Property Redeemed.*—*Rents and Profits.*—*Ap-
praisement.*—*Bid and Bidder.*—Where real estate was sold in fee simple
by the sheriff on execution, and was redeemed from such sale by a junior
judgment creditor, while the redemption act of March 31st, 1879 (Acts
1879, p. 176), was in force, and where such junior judgment creditor and
redemptioner has sued out an execution on his judgment, with the addi-
tional recitals therein as provided in section 5 of such act, it is the duty
of the sheriff first to levy such execution upon and sell the property re-
deemed, and the same estate therein redeemed, and at such sale the exe-
cution creditor is a forced "bidder for his redemption money, with ten
per cent. interest thereon, and all costs accrued since the redemption."

Taylor v. Morgan.

In such case the rents and profits of the property redeemed can not be sold, and, therefore, the failure of the sheriff to cause an appraisement of such rents and profits will not vitiate or avoid his sale of the property redeemed.

From the Huntington Circuit Court.

J. C. Branyan, M. L. Spencer, R. A. Kaufman and W. A. Branyan, for appellant.

J. B. Kenner and J. I. Dille, for appellee.

Howk, J.—The only error assigned by the appellant upon the record of this cause is the decision of the circuit court in sustaining appellee's demurrer for the want of sufficient facts to his complaint.

The appellant, Charles Taylor, alleged in his complaint that he was the owner in fee and in possession of lot No. 17, in Drover's third addition to the town of Huntington, in Huntington county; that he held such lot under a purchase and conveyance thereof, by deed of general warranty executed to him by Thomas L. Lucas, of the date of May 17th, 1878, said Lucas being then the owner thereof; that, prior to his said purchase, certain judgments had been taken in the Huntington Circuit Court against the said Lucas, the first in date being in favor of the Huntington Building, Loan and Savings Association, the second in favor of one Milton Hendrix, who afterwards assigned his judgment to the appellee, John Morgan; that both of said judgments remained, the first in part and the second wholly, unpaid; that the first judgment provided that the sale of property, under execution or decree issued thereon, might be made without appraisement, while the second judgment did not contain any provision concerning appraisement; that the plaintiff in the first judgment, the Huntington, etc., Association, caused the appellant's lot to be sold by the sheriff on May 7th, 1880, under a writ duly issued and levied thereon, to make the residue of its said judgment; that the appellee Morgan, as the assignee and holder of said second judgment, on February 8th, 1881, before the expiration of the year allowed by law for redemption from

such sheriff's sale, redeemed the appellant's lot from such sale by paying on account thereof, for the use of the first judgment plaintiff, who was the purchaser at such sheriff's sale, the amount of the purchase-money paid, with interest and costs, being the aggregate sum of $430, and the balance due on such first judgment.

And the appellant further said that thereupon the appellee sued out an execution on the said second judgment, for his use as the assignee thereof, and caused the same to be levied by the sheriff of such county on appellant's said lot; that the sheriff caused advertisement to be duly made of a sale under such levy, on June 24th, 1881, over appellant's objections made at the time in appellee's presence and hearing; but the appellant averred that no appraisement whatever was made of the rents and profits of said lot, though such rents and profits were then of the annual value of $100; that the sheriff, on said day, made a pretended sale of appellant's lot to the appellee, Morgan, who, on June 29th, 1881, procured a deed to be executed to him by the sheriff, and caused such deed to be recorded in the recorder's office of such county on the same day, and then claimed to own such lot by virtue of such pretended sale and deed to him; which claim was adverse to the appellant and a cloud upon his title to said lot.

The appellant further averred that at the June term, 1881, of the court below, in a suit there pending, brought by him against the appellee and the sheriff of such county, for the purpose of determining appellant's right to the benefit of certain improvements made by him upon such lot, as against the lien of said judgments, a judgment was rendered adverse to him, and thereupon he appealed said cause to the Supreme Court, and such appeal was there pending at the time the sheriff's sale, sought to be set aside in this suit, was made; that such appeal was not determined in the Supreme Court until the — day of February, 1883, when it was decided adversely to the appellant, and if such decision had been in his favor, it would not have been necessary for him to bring this

suit for the protection of his rights; and that he brought this suit as soon after his said appeal was determined as the sessions of the court below would permit. Wherefore the appellant asked judgment setting aside said pretended sheriff's sale, and the sheriff's deed executed in pursuance thereof, and that his title to his said lot be forever quieted in him, and for all other proper relief.

The record of this cause shows that the suit was commenced on the 9th day of March, 1883. The appellant's complaint is very long, much longer, indeed, than was necessary, we think, for the proper statement of his case. But, as the case made requires an examination, and to some extent the construction, of the redemption laws of March 31st, 1879, and of April 11th, 1881, and as we have reached the conclusion that the complaint is insufficient, we have deemed it proper, and, perhaps, due the appellant, that we should give in this opinion a full and complete summary of the facts stated and relied upon as constituting his supposed cause of action. It will be observed that the appellant makes no objection in his complaint to the sale of his lot by the sheriff to the Huntington Building, etc., Association, nor to the redemption of the lot from such sale thereof by the appellee, Morgan; indeed, we fail to find any objection by the appellant in his complaint to the action of the appellee in suing out an execution upon the Hendrix judgment, of which he was the owner and holder, as alleged, by assignment thereof, or to the levy of such execution by the sheriff upon the appellant's lot.

The first matter of which appellant complained in stating his cause of action was, that " the sheriff caused advertisement to be duly made of a sale under said levy, on the 24th day of June, 1881, over the objection of the plaintiff made at the time, in the presence and hearing of defendant." We are not informed by the appellant, either in his complaint or in the brief of his counsel, what objection was made to the due advertisement of the sale of his lot, or what was the ground of such objection.

The next matter of which complaint is made by the appellant is thus stated: "But plaintiff avers that no appraisement whatever was made of the rents and profits of said lot, though such rents and profits are, and then were, of the annual value of $100; and said sheriff, on said day, made a pretended sale of plaintiff's said lot to the defendant Morgan, who, on June 29th, 1881, procured a deed to be executed to him by such sheriff, and, on the same day, caused said deed to be recorded in the office of the recorder of said county, and now claims to own said lot by virtue of such pretended sale and deed to him, which claim is adverse to plaintiff, and is a cloud upon his title to his said lot."

The facts last quoted are those upon which the appellant claims that he is entitled to have the sheriff's deed to the appellee set aside, as a cloud upon the title to his lot. Of these alleged facts, the one chiefly relied upon is that no appraisement was made of the rents and profits of the lot before the sale thereof by the sheriff to the appellee. The complaint shows that the appellee's redemption of the lot from the sheriff's sale thereof to the Huntington Building, etc., Association, was made on the 8th day of February, 1881, at which time the law of this State for the redemption of real property, etc., from sheriff's sales thereof, was the act of March 31st, 1879. Acts 1879, p. 176. When the sheriff sold such lot to the appellee, on the 24th day of June, 1881, the redemption act of April 11th, 1881, which was in force from its passage, was a law of this State. This latter act contained no repealing clause or section; on the contaary, the last section of such act (section 778, R. S. 1881) expressly provided as follows: "The provisions of this act shall not apply to any sale on execution or decretal order made before the taking effect of this act; but all liens and rights of redemption and re-sale, existing at the passage of this act and growing out of any such sale, may be enforced in like manner as if this act had not been passed, and in accordance with the statute in force when such sale was made. But all sales made after the

passage of this act, and all redemptions therefrom, shall be governed by the provisions of this act."

Under this section of the act of April 11th, 1881, it would seem to be clear that the appellee's right of re-sale of the lot, previously redeemed by him from the first sale thereof, could only be enforced " in accordance with the statute in force when such sale was made," namely, the aforesaid act of March 31st, 1879. In section 5 of this latter act it is provided as follows : " When the judgment creditor shall have redeemed the property sold, he may sue out an execution on his judgment, and shall direct the clerk to, and the clerk shall recite in the execution, in addition to the recitals now required, the judgment on which the sale shall have been made, the sale aforesaid, the redemption or redemptioners, the several amounts paid on redemption, and the dates thereof. The sheriff or other officer executing such writ shall proceed first to levy on and sell the property redeemed as he proceeds in other cases, and the person suing out such writ shall, at the sale under the same, be considered as a bidder for his redemption money, with ten per cent. interest thereon, and all costs accrued since the redemption, and if neither he nor any other person bid more, he shall be deemed the purchaser for that sum, and from the proceeds of sale shall be first paid the amount due for redemption."

Under these statutory provisions the questions for decision in the case in hand are these : Was it the duty of the sheriff, under the execution sued out by the appellee, to cause an appraisement to be made of the rents and profits of the appellant's lot, for a term of years not exceeding seven ? Or did the failure of the sheriff to cause such rents and profits to be appraised vitiate the sheriff's sale of the lot to the appellee, and entitle the appellant to have such sale set aside? We are of the opinion that each of these questions ought to be and must be answered in the negative. It was " the property redeemed," and not the rents and profits of such property, which the statute required the sheriff " first to levy on

and sell." It was " the property redeemed," and not the rents and profits of such property, at the sheriff's sale of which the statute made the appellee a forced bidder " for his redemption money, with ten per cent. interest thereon, and all costs accrued since the redemption." It was the duty of the sheriff, under the statute, " first to levy on and sell " the precise property redeemed ; and it was the further duty of the sheriff, at such sale, to consider the execution plaintiff as his first bidder, and the minimum amount of his bid was clearly prescribed.    " If neither he nor any other person bid more," the statute says, " he shall be deemed the purchaser for that sum." The purchaser of what? Surely, of " the property redeemed," for that is what the sheriff is required first to levy on and sell, and of which the statute makes him the purchaser in the absence of any other bidder.

That this is the proper construction of the above quoted provisions of section 5 of the act of March 31st, 1879, is conclusively shown, as it seems to us, by this additional provision of the same section, namely : " The title acquired under such sale shall take effect as if there had been no redemption, and if there be no redemption from the sale under such writ, the conveyance made in pursuance thereof shall have effect as if it had been made in pursuance of the first sale." Where the lot is sold in fee simple at the first sale, and is redeemed by a judgment creditor, who afterwards sues out execution on his own judgment, and, by virtue thereof, the sheriff levies upon and re-sells " the property redeemed," how could the conveyance made under the second sale " have effect as if it had been made in pursuance of the first sale," unless it was intended that the same property and the same estate or interest therein, sold and redeemed from under the first sale, should first be the subject of levy and sale under the execution sued out by the redeeming judgment creditor?

In the case at bar the appellee redeemed the appellant's lot in fee simple from the sheriff's sale thereof to the Hunting-

Taylor *v.* Morgan.

ton Building, etc., Association. At the time of such redemption, the appellee, as the assignee of the Hendrix judgment, was a judgment creditor of the appellant. When the appellee, after his redemption, sued out an execution on the judgment held by him as assignee, such execution, with the additional recitals therein required by the statute, was in the nature of a writ of *venditioni exponas.* This writ commanded the sheriff first to levy on and sell " the property redeemed," not a part of such property, and, surely, not a less estate or interest therein than the estate or interest redeemed. At such sale the statute made the appellee a forced bidder, for a specified bid, and, if no one bid more, made him the purchaser of " the redeemed property," but, surely, of nothing less; for the statute expressly declares that the conveyance, made in pursuance of such second sale, " shall have effect as if it had been made in pursuance of the first sale," when the lot was sold in fee simple.

Our conclusion is that upon the facts of this case and a fair construction of the provisions of the redemption act of March 31st, 1879, applicable thereto, the sheriff was not authorized or required, by the execution sued out by the appellee, to offer or sell the rents and profits of " the redeemed property," or any less estate or interest therein than the fee simple estate redeemed. This being so, it can not be held that the sheriff's failure to cause an appraisement to be made of the rents and profits of " the redeemed property " vitiated the sheriff's sale to the appellee, or entitled the appellant to have such sale set aside. The law never requires the performance of an unnecessary act.

The demurrer to the complaint was correctly sustained.

The judgment is affirmed, with costs.

Filed May 26, 1884.